JERSEY CITY ASSOCIATION FOR SEPARATION OF CHURCH AND STATE, A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT, v. SETON HALL COLLEGE OF MEDICINE AND DENTISTRY, A NEW JERSEY CORPORATION, AND THE CITY OF JERSEY CITY, A MUNICIPAL CORPORATION, DEFENDANTS-RESPONDENTS.

Argued January 24, 1961—Decided February 6, 1961.

*Mr. Solomon Golat* argued the cause for plaintiff-appellant.

*Mr. James F. X. O'Brien* argued the cause for defendant-respondent Seton Hall College of Medicine and Dentistry.

*Mr. Meyer Pesin* argued the cause for defendant-respondent, The City of Jersey City (*Mr. Ezra L. Nolan,* Corporation Counsel, attorney; *Mr. Meyer Pesin,* of counsel).

The opinion was delivered

PER CURIAM. Plaintiff, suing as a taxpayer, attacked a settlement agreement made between defendants. The settlement was an adjustment of the city's claim for rent under a lease to the College and the College's several cross-claims.

The complaint was filed on July 14, 1958. The city filed its answer on July 31, 1958, and the College on August 4, 1958. On January 21, 1960, defendants filed a motion for summary judgment on the ground that there was no genuine issue of fact. Plaintiff countered with a motion for summary judgment and for other relief. The motions were heard on February 8, 1960 and resulted in judgment for defendants. We certified the ensuing appeal on our motion before the Appellate Division considered it.

The affidavits in support of defendants' motion are clearly sufficient to sustain the settlement agreement. In response,

plaintiff merely cited some isolated circumstances which are at best vague and equivocal and do not adequately meet the showing made by the defendants.

In the nature of the case, plaintiff could hardly have hoped to prevail without resort to pretrial discovery. We do not know the scope of plaintiff's efforts in that area, but whatever they were, they produced nothing of significance. The several dates set forth hereinabove reveal that the time opportunity was more than ample. We add also that plaintiff did not seek to cross-examine the persons whose affidavits supported defendants' motion nor did plaintiff take or ask for the opportunity to take depositions for use on that motion. In short, despite the considerable passage of time and the opportunities we have mentioned to ferret out facts to support the allegations of the complaint, plaintiff relied upon factual assertions which were plainly inadequate. Under the circumstances, the trial court properly granted the motion of defendants.

The judgment is accordingly affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.